

"O"

FILED
NOV -5 2008
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JESSE WAGNER AND BRIAN CRONIN,<br><br>    Plaintiffs,<br><br>    v.<br><br>RYAN PEPPLER, et al.,<br><br>    Defendants. | Case No. EDCV 07-1537-CJC (MLG)<br><br>MEMORANDUM OPINION AND ORDER |

## I.     Procedural Background

Plaintiffs Jesse Wagner ("Wagner") and Brian Cronin ("Cronin") (collectively "Plaintiffs") are inmates at the Sierra Conservation Center State Prison in Jamestown, California. They have brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for the alleged unlawful seizure and sale, on separate occasions years apart, of their respective motor vehicles. On November 21, 2007,[1] Plaintiffs lodged a complaint naming as defendants: the County of San Bernardino, the San Bernardino County Sheriff's Office, as well as San Bernardino County Sheriff Ryan Peppler, Deputies Gary Penrod and

---

[1] Plaintiffs' complaint was lodged on November 21, 2007 and filed by the Clerk of the United States District Court, Central District of California on January 17, 2008.

Marguerite Finneran, United Towing, Inc., and Denco Lien Sales, Inc. The Defendants are sued in their individual and official capacities. (Compl. at 2.).

Wagner alleges four claims in the complaint (Counts 1 through 4): (1) Defendants violated his Fourth Amendment right against unreasonable search and seizure in 2003 by seizing his vehicle incident to a lawful arrest;(Compl. ¶ 11); (2) Defendants did not comply with California vehicle storage laws in violation of the Fifth and Fourteenth Amendments (Compl. ¶ 17); (3) Defendants' lien sale of his car constituted a taking without just compensation in violation of the Fifth Amendment (Compl. ¶ 20); and (4) United Towing and Denco fraudulently took possession of Wagner's car contrary to various state criminal and civil statutes (Compl. ¶ 23). Wagner seeks compensatory damages against Defendants Finneran, Peppler, United Towing and Denco in the amount of $15,000; punitive damages in the amount of $45,000 against all Defendants except the County of San Bernardino; and treble damages against all Defendants in the amount of $15,000. (Compl. ¶¶ 12, 18 and 24).

Cronin alleges two claims in the complaint (Counts 5 and 6). These claims allege that the governmental defendants violated his Fourth Amendment right against unreasonable search and seizure, as well as his Fifth and Fourteenth Amendment rights, by seizing his vehicle in 2006, incident to a lawful arrest. (Compl. ¶¶ 32, 39). Cronin seeks compensatory damages against Defendants Penrod, the San Bernardino County Sheriff's Office, and the County of San Bernardino in an amount to be determined at trial, as well as punitive damages in an amount to be determined at trial against all Defendants except the County of San Bernardino. (Compl. ¶¶ 33, 40).

| | |
|---|---|
| 1 | **II. Plaintiffs' Claims Shall Be Dismissed for Failure to Pay the** |
| 2 | **Required Filing Fees** |

On November 21, 2007, Plaintiffs filed Requests for Leave to Proceed Without Prepayment of Filing Fees. 28 U.S.C. § 1915(a)(2). On December 4, 2007, the request was granted as to Cronin, who was directed to make a partial payment of $108.00 within 30 days of that order.[2] On January 2, 2008, the request to proceed without prepayment of fees was denied as to Wagner, and he was terminated from the action on January 17, 2008. Despite his termination from the action, Wagner continued to file pleadings in this case. Cronin failed to pay the partial filing fee as required by the Court's order. On September 25, 2008, Magistrate Judge Marc L. Goldman issued an order directing Wagner to show cause, on or before October 8, 2008, why all pleadings filed by him should not be stricken because he is not a party to this action. Magistrate Judge Goldman also ordered Cronin to show cause, on or before October 8, 2008, why this action should not be dismissed for failure to pay the $108.00 filing fee as required by the Court's December 4, 2007 order. Plaintiffs failed to respond to the orders to show cause.[3]

//
//

---

[2] At the time he filed this action, Cronin's average monthly balance in his prison trust account for the previous six months was $539.81. Under 28 U.S.C. § 1915(b)(1)(A), the Court was required to assess an initial payment of 20% of that amount.

[3] Plaintiffs did not stop litigating this cause of action. On September 15, 2008, after conducting discovery, the County Defendants filed a motion for summary judgment. Plaintiffs filed an opposition on October 9, 2008. Because the case must be dismissed because of Plaintiffs' failure to pay the filing fees, the Court will not address the motion for summary judgment.

### A. Wagner's Claims Shall Be Dismissed for Failure to Obtain Leave to File the Complaint Without Prepayment of Filing Fees or Alternatively, to Pay the Filing Fee

A person may be allowed to proceed with a civil action without prepayment of the filing fee upon submission of an affidavit stating that he or she is unable to pay such fee, the nature of the action, and the belief that he or she is entitled to redress. 28 U.S.C. § 1915(a)(1). A prisoner seeking to bring a civil action without prepayment of fees must submit a certified copy of the prisoner's trust fund account statement for the 6-month period immediately preceding the filing of the complaint in addition to filing an affidavit. 28 U.S.C. § 1915(a),(b). Wagner has not filed an application to proceed *in forma pauperis* with a certified copy of his prisoner trust fund account, nor has he paid the $350.00 filing fee, despite being ordered by this Court to do so. Therefore, as a result of his failure to pay the required filing fee or file the certified copy of the prison trust fund accout, Wagner is not, and has never been, a party to this action. All pleadings filed by Wagner shall be stricken and the action brought by him shall be dismissed.

### B. Cronin's Claims are Dismissed for Failure to Pay the Partial Filing Fee

Courts have discretion to impose partial filing fees under the *in forma pauperis* statute. 28 U.S.C. § 1915(b)(1), *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995). A court may dismiss a prisoner's § 1983 claim for failure to pay a partial filing fee. *Id.* at 112. Although Cronin was granted leave to proceed without prepayment of the entire filing fee, he has failed to pay the $108.00 partial filing fee ordered by this Court and ignored the order to show

cause. Therefore, Cronin's claims shall be dismissed for failure to pay the partial filing fee.

### III. Conclusion

Because Plaintiffs have failed to comply with the requirements of 28 U.S.C. § 1915 and have failed to respond to the order to show cause, IT IS ORDERED that Wagner's pleadings be STRICKEN and the action be DISMISSED as to all Defendants.

Dated: November 4, 2008

_____
Cormac J. Carney
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge